UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHLEEN S., )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration, )<br>   Defendant. ) | CAUSE NO.: 2:21-CV-90-JVB |

## **OPINION AND ORDER**

  Plaintiff Kathleen S. seeks judicial review of the Social Security Commissioner's decision denying her application disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency. For the reasons below, the Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

  In Plaintiff's July 8, 2019 application for benefits, she alleged that she became disabled on August 7, 2015. After a September 3, 2020 hearing, the Administrative Law Judge (ALJ) issued his decision on September 3, 2020, and found that Plaintiff suffered from the severe impairments of congenital hearing loss on the right, dizziness/labyrinthitis, and gastritis. (AR 20). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work . . . except the claimant can lift/carry and push/pull up to 20 pounds occasionally and up to 10 pounds frequently. She can stand/walk for about six hours in an eight-hour day and sit for about six hours in an eight-hour day. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. She could work in an environment with a moderate noise level such as an office. She should avoid even moderate exposure

> to hazards such as unprotected heights or moving mechanical parts. She should not operate a motor vehicle.

(AR 23). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was able to perform her past relevant work as a retail clerk and a cashier, (AR 27), and was able to perform the representative occupations of mail clerk, building cleaner, and assembler plastic hospital products. (AR 28). Accordingly, the ALJ found Plaintiff to be not disabled from August 7, 2015, through September 23, 2020, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether she can perform her past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

2

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Though an ALJ need not mention every piece of evidence in the record, "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). Further, a social security claim is properly remanded if the ALJ has mischaracterized the evidence such that the necessary logical bridge between evidence and conclusion does not exist. *See Golembiewski v. Barnhart*, 322 F.3d 912, 916-17 (7th Cir. 2003); *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002).

Plaintiff complains of dizziness, and the ALJ found dizziness/labyrinthitis to be a severe impairment. However, in determining the effect of Plaintiff's dizziness on her RFC, the ALJ cherry-picked less severe findings and ignored the more severe findings.

The ALJ starts his consideration of Plaintiff's dizziness by noting a "normal neurologic exam" that was conducted in the emergency department when Plaintiff's chief complaints were hip pain and multiple episodes of diarrhea. (AR 24, 267-70). The ALJ then erroneously states that Plaintiff made no report of dizziness during a January 25, 2019 emergency department visit. (AR 24). The very page of the record cited states that Plaintiff has been "lightheaded, dizzy on and off x 2 weeks. (AR 419). Next, the ALJ appears to fault the Plaintiff for not exhibiting her *intermittent* dizziness during a May 2019 physical exam, which the ALJ deemed normal despite revealing some decreased sensation and the impression of left-sided numbness. (AR 24, 328). Similarly, the ALJ notes that Plaintiff denied dizziness at an internal medicine/hematology appointment for her abdominal pain and nausea. (AR 24, 792).

3

The ALJ continues in a similar vein, but one piece of evidence he does not mention is the record from Plaintiff's admission to the hospital on May 10, 2019. (AR 310-69). During this visit, she complained of abnormal sensation on her left side, had tremors and weakness, there was an indication of moderate neural disease, and Plaintiff was admitted for neurological evaluation (AR 313, 315, 317, 318). The ALJ, trying to support his decision, states that Plaintiff "reported dizziness only every two to three days," but he does not indicate how Plaintiff could work at the RFC level when she would be suffering from dizziness at least one day per workweek. *See* (AR 27). The ALJ did not provide a fair evaluation of the evidence of record. Instead, he cherry-picked (and in at least one instance, misstated) the facts in a way to downplay the degree to which Plaintiff is limited by her severe impairment of dizziness. This requires remand.

Despite the Seventh Circuit Court of Appeals' guidance that the ability to perform daily activities is not necessarily consistent with the ability to perform full-time work, the ALJ apparently failed to account for the same, such as the fact "that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see also Roddy*, 705 F.3d 631, 639 (7th Cir. 2013) ("[A] person's ability to perform daily activities, especially if that can be done only with significant limitations, does not translate to an ability to work full-time."); *Punzio*, 630 F.3d 704, 712 (7th Cir. 2011) ("[The plaintiff]'s ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace.").

The ALJ stated that he "considered the claimant's ability to manage her personal care, do simple housework, shop, cook, solve crossword[] puzzles, watch TV, socialize, and occasionally drive." (AR 27). He used this information to counter Plaintiff's statements that "she could stand

4

10-12 minutes at one time and sit for about 15 minutes. She can walk for 10-12 minutes. She can lift and carry up to 10 pounds." (AR 26). Nothing in Plaintiff's daily activities as cited by the ALJ directly calls into question Plaintiff's statements of her abilities. Further, Plaintiff's characterization of her activities appears consistent with her statement of her limitations. She stated in her function report that she can cook, do dishes, do laundry, and vacuum, but she also stated that she sits between cooking, that it is hard to stand for cooking at times, and that she vacuums for "maybe 5 min[utes]." (AR 197). Shopping is stated to occur with spousal help for 20-30 minutes once per week. (AR 198). Without any information regarding Plaintiff's postural position(s) while solving crossword puzzles, watching television, and socializing, it is nearly impossible to determine any inconsistency between these activities and Plaintiff's statements of her limitations. The ALJ did mention a number of these qualifications on Plaintiffs activities in his decision, *see* (AR 23), but he did not provide a logical bridge from the evidence to his conclusion. This also calls into question the validity of the ALJ's decision.

    The Court notes other concerning aspects of the ALJ's decision. For example, the ALJ does not acknowledge that Dr. John Carter is part of a practice that treated Plaintiff and that Dr. Carter himself had treated Plaintiff on occasion. Instead, he refers to the "consultative exam" that Dr. Carter performed and does not note any treating relationship when assigning weight to Dr. Carter's opinion. *See* 20 C.F.R. § 404.1520c(c)(3) (including the relationship with the claimant as a factor the Social Security Administration will use when considering the medical opinion evidence). Dr. Carter's opinion of Plaintiff's abilities are far below the RFC found by the ALJ. Also, the ALJ did not discuss Plaintiff's diagnosis of trigeminal neuralgia, a pain condition.

5

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's request, **REVERSES** the final decision of the Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings in accordance with this Opinion and Order.

SO ORDERED on April 29, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
